IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. DOROTHY PRIOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1269-SRF |
| | ) | |
| STATE OF DELAWARE DIVISION OF | ) | |
| DEVELOPMENTAL DISABILITIES | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER[1]

At Wilmington this **10th** day of **July, 2024,** the court having considered the motion to dismiss for lack of subject matter and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively, and the associated briefing, (D.I. 5; D.I. 9; D.I. 10), IT IS ORDERED that the motion to dismiss is GRANTED-IN-PART for the following reasons:

1. **Background.** Dr. Dorothy C. Prior ("Plaintiff") is an African American female who was employed as a psychologist with defendant State of Delaware Division of Developmental Disabilities Services ("DDDS") from September 17, 2017 until her termination on June 23, 2022. (D.I. 1 at ¶¶ 7-8, 18)

2. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 9, 2020, and she subsequently filed a complaint alleging Title VII violations on October 22, 2021. (*Id.* at ¶ 10)

---

[1] On May 23, 2024, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 11)

3. The complaint alleges that DDDS retaliated against Plaintiff for filing the charge of discrimination by denying her leave to telework to accommodate her wrist injury, even though she previously teleworked during the pandemic. (*Id.* at ¶¶ 12-13, 19-25) DDDS also denied Plaintiff the ability to use her sick days after her Family Medical Leave Act ("FMLA") leave expired and terminated her medical benefits. (*Id.* at ¶¶ 12-13) Plaintiff was put on unpaid leave instead of being granted continuous or intermittent FMLA leave, while another similarly situated employee who did not engage in protected activity was allowed to use her annual sick leave after exhausting her FMLA leave. (*Id.* at ¶ 14; 16-17)

4. On November 15, 2021, and again on May 2, 2022, DDDS recommended Plaintiff for termination. (*Id.* at ¶ 15) DDDS terminated Plaintiff on June 23, 2022. (*Id.* at ¶ 18)

5. **Legal standards.** Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56. The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted).

2

6. Rule 12(b)(1) permits dismissal of an action for lack of subject jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may present either a facial or a factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Savings & Loan*, 549 F.2d 884, 891 (3d Cir. 1977). Defendant's assertion of sovereign immunity constitutes a facial challenge to the court's subject matter jurisdiction. *Dixon-Gibson v. Del. Dep't of Labor*, C.A. No. 11-884-LPS, 2012 WL 3526934, at *1 (D. Del. Aug. 15, 2012). The Eleventh Amendment is a jurisdictional bar that deprives federal courts of subject matter jurisdiction when private parties sue a state in federal court. *Green v. Howard R. Young Correctional Institution*, 229 F.R.D. 99, 102 (D. Del. 2005). The court must dismiss Plaintiff's claims if the allegations in the complaint, taken as true, are insufficient to invoke the court's jurisdiction. *Dixon-Gibson*, 2012 WL 3526934, at *1 (citing *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994)).

7. **Analysis.** DDDS moves to dismiss Count I of the complaint for failure to state a claim under Rule 12(b)(6). DDDS seeks dismissal of Counts II and III for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that the causes of action are barred under the Eleventh Amendment. For the following reasons, the motion is DENIED with respect to Count I and GRANTED with respect to Counts II and III.

8. ***The motion to dismiss Count I of the complaint for Title VII retaliation is DENIED.*** A claim for Title VII retaliation requires a showing that: (1) the plaintiff engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Derr v. Del. Dep't of Servs. for Children, Youth & Their Families*, C.A. No. 20-1628-JLH, 2024 WL 2784185, at *3 (D. Del. May 30, 2024) (citing *Garnett v. Bank of Am.*, 243 F. Supp. 3d 499, 513 (D. Del. 2017)). DDDS alleges that Count I should be dismissed because Plaintiff has not

3

adequately alleged a causal connection between the protected activity and the adverse employment action under the third prong of the inquiry. (D.I. 5 at 6-8)

9. Plaintiff may demonstrate causation through "an employer's inconsistent explanation for taking an adverse employment action, a pattern of antagonism, or temporal proximity unusually suggestive of retaliatory motive." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) (internal citations and quotation marks omitted). Here, the complaint plausibly sets forth a pattern of antagonism occurring over the span of eight months. Specifically, the complaint alleges that Plaintiff engaged in protected activity on December 9, 2020 and October 22, 2021, and she was terminated on June 23, 2022. (D.I. 1 at ¶¶ 10-11, 18) During the months between her protected activity and her termination, the complaint alleges that DDDS denied her request to telework, terminated her medical benefits, and refused to allow her to use her sick days, instead placing her on unpaid leave. (*Id.* at ¶ 12-14) DDDS also recommended Plaintiff for termination on two occasions, on November 15, 2021 and May 2, 2022. (*Id.* at ¶ 15)

10. In *Kachmar v. SunGard Systems, Inc.*, the Third Circuit determined that similar circumstances supported an inference of retaliation. 109 F.3d 173, 177-78 (3d Cir. 1997). The court accepted the most recent protected activity and found a gap of six months between that activity and the adverse employment action. *Id.* The court then considered several instances occurring during that time period in which the plaintiff's supervisor told her to look for another job, said her position would be given to someone else, and informed her that she was being taken off the "management track." *Id.* at 178. Similarly, the complaint in this case alleges that Plaintiff was threatened with termination on multiple occasions in the eight months between the date of her most recent protected activity and her termination, in addition to being denied her

4

medical benefits and access to sick and annual leave. (D.I. 1 at ¶¶ 12-14)  As in *Kachmar*, the absence of unduly suggestive immediacy between cause and effect does not disprove causation, and Plaintiff should be given the opportunity to develop these allegations through fact discovery. *Kachmar*, 109 F.3d at 178.

11. Viewing the pleading in the light most favorable to Plaintiff, the complaint's averments are sufficient to support a pattern of antagonism by DDDS linking the adverse employment action to Plaintiff's protected conduct, even though temporal proximity alone is not unusually suggestive in this case. *See Black v. City of Wilmington*, C.A. No. 22-789-GBW, 2023 WL 8698141, at *6-7 (D. Del. Dec. 15, 2023) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000)).  Consequently, DDDS's motion to dismiss Count I of the complaint is DENIED.

12. ***The motion to dismiss Count II of the complaint for ADA discrimination is GRANTED.***  Plaintiff agrees to dismiss her cause of action for discrimination under the Americans with Disabilities Act ("ADA") at Count II of the complaint because DDDS is immune from suit on this basis under the Eleventh Amendment. (D.I. 9 at 8; D.I. 5 at 9)  The motion to dismiss Count II of the complaint is therefore GRANTED as unopposed.

13. Plaintiff also requests that the statute of limitations be tolled for thirty days to allow Plaintiff to file an analogous claim under the Delaware Persons with Disabilities Employment Protection Act in state court. (D.I. 9 at 8)  DDDS responds that this court lacks jurisdiction to toll the statute of limitations since Count II is dismissed on sovereign immunity grounds pursuant to Rule 12(b)(1). (D.I. 10 at 4)  Plaintiff cites no authority, and the court has found none, that would permit this court to toll the statute of limitations for filing a state law claim which was never filed in this court in the first instance.

14. ***The motion to dismiss Count III of the complaint for FMLA interference is GRANTED.*** DDDS argues that Plaintiff's cause of action for FMLA interference is insufficiently pled and, alternatively, DDDS is immune from suit under the Eleventh Amendment. (D.I. 5 at 10-12) Plaintiff responds that Count III of the complaint is sufficiently pled, without addressing DDDS's sovereign immunity argument. (D.I. 9 at 7)

15. DDDS is immune from suit for FMLA interference under the Eleventh Amendment, which bars federal suits against States, their agencies, and officers in their official capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020). There are three exceptions to immunity under the Eleventh Amendment: (1) congressional abrogation; (2) state waiver or consent to be sued; and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law. *Durnan v. Del.*, 244 F. Supp. 3d 424, 429 (D. Del. 2017) (quoting *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001)). None of these exceptions apply.

16. FMLA leave is divided into two classifications: (1) the family-care provisions that allow an employee to take leave for reasons related to family care; and (2) the self-care provision that permits an employee to take leave for the employee's own serious medical condition. *Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 34 (2012). "Whether Congress validly abrogated the States' immunity from suit under the FMLA depends on which provision applies to an employee's leave request." *Seeney v. Pa. Dep't of Corrections, SCI-Graterford*, 31 F. Supp. 3d 677, 684 (E.D. Pa. 2014). Plaintiff's claim at Count III of the complaint alleges that DDDS violated the self-care provision of the FMLA. (D.I. 1 at ¶¶ 20-23, 41-45) The Supreme Court has held that "suits against States under [the FMLA self-care] provision are barred by the States' immunity as sovereigns in our federal system." *Coleman*, 566 U.S. at 33.

**17.** Moreover, "[t]he State of Delaware has not waived its sovereign immunity with regard to FMLA self-care suits." *Dixon-Gibson*, 2012 WL 3526934, at *1 (citing *Karam v. Del. DSCYF*, 2010 WL 5343182, at *2 (D. Del. Dec. 15, 2010)). There is also no dispute that DDDS is a State agency. Because none of the exceptions to sovereign immunity apply to Plaintiff's claim for FMLA interference, DDDS's motion to dismiss Count III of the complaint is GRANTED.

**18. Conclusion.** For the foregoing reasons, IT IS ORDERED that the motion to dismiss is GRANTED-IN-PART. (D.I. 5) Specifically, the motion is GRANTED with respect to Counts II and III and DENIED with respect to Count I of the complaint.

Sherry R. Fallon
United States Magistrate Judge